```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

QIUCHEN PAN, et al.            :        CIVIL ACTION
                               :
          v.                   :
                               :
PRESTIGE IMPORTS AUTO SALES,   :        NO. 19-3967
INC., et al.

MEMORANDUM

Bartle, J.                                    January 22, 2020

Plaintiff, Qiuchen Pan, Administrator of the Estate of Shuo Zhang, Deceased, brings this wrongful death and survival action as a result of the death of Shuo Zhang in an automobile accident in Howard County, Maryland on September 3, 2017. At the time, Zhang was driving a 2009 Honda Civic. Before the court is the motion of one of the defendants Sergey Skyklvarskiy (a/k/a Sklyarsky) to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

The complaint identifies Sklyarsky as President of the defendant Prestige Imports Auto Sales, Inc. ("Prestige Imports") and of Grace Imports Motor, Inc. ("Grace Imports") but asserts that at all times he was acting individually and/or through his employees or agents.

Sklyarsky maintains that under Pennsylvania law the plaintiff has no claim for relief against him as an individual since he was acting at all times as President of Prestige

Imports or Grace Imports.[1]  We turn to the allegations of the complaint.

Plaintiff contends that during the fatal accident the frontal driver side airbag deployed and exploded violently into large pieces.  Zhang suffered massive facial trauma, a fractured skull, and uncontrolled bleeding which are said to have caused his death.  According to the complaint, the defendants were all involved in the sale, distribution, repair, servicing, inspection and warranty of the Honda with the unsafe and unreasonably dangerous airbag system.

The complaint asserts that the Honda had been involved in a collision in February 2012 in which the airbag had deployed.  Thereafter the Honda was declared a total loss by Liberty Mutual Insurance Company which obtained a "salvage title" in New Jersey.  The Honda was sold to Prestige Imports at auction in June 2012, and was titled by Prestige Imports in Pennsylvania.  The back side of the New Jersey title and the application for a title in Pennsylvania show the printed name and signature of Sklyarsky.  Ultimately, Bay Motors, Inc. of Rosedale, Maryland came into possession of the Honda.  Decedent Shuo Zhang purchased the vehicle from Bay Motors on June 1, 2016.

---

1. No party disputes the applicability of Pennsylvania law to this pending motion.

The complaint goes on to allege in great detail and repetition that Sklyarsky, among other defendants, withheld critical safety information from government regulators and instructed that the airbag in issue would be safely and effectively operated. It further avers that Sklyarsky among others represented and warranted that the airbag and its parts were safe for their intended use, repaired and/or equipped the airbag into the Honda, and was responsible for its testing, repairing, installing, and monitoring.

It is well established in Pennsylvania that when a corporate officer personally participates in the tortious conduct of the corporation he or she may be sued and held personally liable. Under such circumstances, liability is not limited to that of the corporation itself. As the Pennsylvania Supreme Court explained in <u>Wicks v. Milzoco Builders</u>, 470 A.2d 86, 90 (Pa. 1983):

> The general, if not universal, rule is that an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor; but that an officer of a corporation who takes no part in the commission of the tort committed by the corporation is not personally liable to third persons for such a tort, nor for the acts of other agents, officers or employees of the corporation in committing it, unless he specifically directed the particular act to be done or participated, or cooperated therein.

See also Donsco, Inc. v. Casper Corp., 587 F.2d 602, 606 (3d. Cir. 1978).

Although corporate officers may not be held personally liable for nonfeasance, they may be held liable for misfeasance. Wicks, supra, at 90. The complaint, as noted above, clearly alleges personal misfeasance on the part of Skylarsky. At this stage of the action, we must accept as true plaintiff's allegations. Whether plaintiff will be able to establish the personal liability of Skylarsky must await another day.

Accordingly, the motion of defendant Sergey Skyklvarskiy a/k/a Sergey Sklyarsky to dismiss the complaint will be denied.